2014 AUG 18 AM 11: 40



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

ADA MOTORS, INC., dba BURIEN ) No. 70047-2-I
TOYOTA, a Washington corporation, )
)
Appellant/Cross Respondent, )
)
v. )
)
DAVID L. BUTLER and ELIZABETH )
BUTLER, and their marital community, )
and THE ROBERT LARSON )
AUTOMOTIVE GROUP, INC. a )
Washington corporation, dba LARSON )
TOYOTA, ) UNPUBLISHED OPINION
)
Respondents/Cross Appellants. ) FILED: August 18, 2014
)

VERELLEN, A.C.J. — A plaintiff alleging misappropriation of trade secrets and claiming unjust enrichment bears the initial burden of establishing the defendant's sales.[1] Then the burden shifts to the defendant to establish any portion of sales not attributable to the trade secret and any expenses to be deducted in determining net profits.[2] Here, the jury instruction that Burien Toyota had the initial burden to prove "damages from sales" rather than "sales" misstated the law and presumptively prejudiced Burien Toyota.

---

[1] Petters v. Williamson & Assocs., Inc., 151 Wn. App. 154, 165, 210 P.3d 1048 (2009) (quoting RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 45 cmt. f., at 516-17 (1995)).

[2] Id.

Therefore, we remand for a new trial on the issues of damages and unjust enrichment. If the jury determines that the misappropriation of the trade secret was wilful and malicious, Burien Toyota may seek an award of attorney fees and costs both for proceedings in the trial court and for this appeal. Butler and Larson Toyota's issues on cross appeal do not warrant any relief.

FACTS

David Butler began working at Burien Toyota after he retired from a long career as a Nordstrom salesman. He alleges that he brought a list of his Nordstrom customers with him to Burien Toyota and gave it to Sobel & Associates, a third party that contracted with Burien Toyota to provide direct marketing materials to customers on behalf of its sales people. Burien Toyota alleges it also allowed Butler to select customers from its database for participation in Sobel's direct marketing program.

After eight years, Butler left Burien Toyota and began working for Larson Toyota. He took a list of customers with him. The parties refer to this as the "Sobel list," but disagree whether the list included only Butler's Nordstrom customers or extended to customers and contacts developed while Butler worked for Burien Toyota. Burien Toyota alleges that once at Larsen Toyota, Butler contacted all of the customers on the Sobel list. Burien Toyota sued Butler and Larson Toyota for breach of contract; accounting; unjust enrichment; breach of the duty of loyalty; violation of the uniform trade secrets act; tortious interference with business expectancies; injunctive relief, and attorney fees.

The case eventually went to trial on only the trade secrets claim. By special verdict form, the jury found that the Sobel list was a "trade secret" belonging to Burien

Toyota and that both Larson Toyota and Butler misappropriated that trade secret. But the jury expressly concluded that Burien Toyota was not financially harmed.

Burien Toyota appeals. Butler and Larson Toyota (collectively, Butler) cross appeal.

## DISCUSSION

*Jury Instructions on Unjust Enrichment on a Trade Secrets Claim*

Burien Toyota argues that the trial court's instructions to the jury regarding the burden of proof for unjust enrichment misstated Burien Toyota's burden of proof. We agree.

"Jury instructions are reviewed de novo for errors of law."[3] Instructions are sufficient "'when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law.'"[4] "If any of these elements are absent, the instruction is erroneous."[5] Prejudice is presumed if the instruction contains a clear misstatement of law, but prejudice must be demonstrated if the instruction is merely misleading.[6] An instruction is misleading if it permits both an interpretation that is, arguably, a correct statement of the law and an interpretation that is an incorrect statement of the law.[7]

---

[3] Anfinson v. FedEx Ground Package Sys., Inc., 174 Wn.2d 851, 860, 281 P.3d 289 (2012).

[4] Id. (quoting Bodin v. City of Stanwood, 130 Wn.2d 726, 732, 927 P.2d 240 (1996)).

[5] Id.

[6] Id.

[7] Id. at 876.

In Petters v. Williamson & Associates, Inc., we adopted the *Restatement (Third) of Unfair Competition* § 45 comment f and held that in a trade secrets claim alleging unjust enrichment, the plaintiff has the initial burden of establishing the defendant's sales, and then the burden shifts to the defendant to establish any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.[8] This approach "places on the party in possession of the relevant information— the defendant—the burden of demonstrating which portion, if any, of the revenue obtained through the transfer of a trade secret was not, in fact, attributable to the transfer."[9]

Here, the trial court gave Instruction 8, an elements instruction that also included the burden of proof for damages and unjust enrichment:

### TRADE SECRETS-BURDEN OF PROOF

On the claim of misappropriated trade secrets, Burien Toyota has the burden of proving each of the following propositions:

(1) That Burien Toyota had a trade secret;

(2) That Mr. Butler and/or Larson Toyota misappropriated Burien Toyota's trade secret; and

(3)(a) That Mr. Butler and/or Larson Toyota['s] misappropriation was a proximate cause of damages to Burien Toyota (Actual Damages);

and/or

(3)(b) That, as a result of the misappropriation, Mr. Butler and/or Larson Toyota received money or benefits that in justice and fairness belong to Burien Toyota (Unjust Enrichment). Under (3)(b) (Unjust Enrichment), **plaintiff has the initial burden of proving damages from sales** attributable to the use of a trade secret. The burden then shifts [to]

---

[8] 151 Wn. App. 154, 165, 210 P.3d 1048 (2009) (quoting RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 45 cmt. f., at 516-17 (1995)).

[9] Id.

Mr. Butler and/or Larson Toyota to establish any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.

If you find from your consideration of all the evidence that proposition (1), (2) and either (3)(a) or (3)(b) have been proved, then your verdict should be for Burien Toyota. On the other hand, if you find that propositions (1) nor (2) nor alternatives (3)(a) or (3)(b) have not been proved, your verdict should be for Mr. Butler and Larson Toyota.[10]

The court also gave Instruction 18 articulating the requirements to prove damages:

### TRADE SECRETS-DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Burien Toyota on its claim, you must determine Burien Toyota's damages. The Plaintiff, Burien Toyota, has the **burden of proving damages. Damages means the amount of money that will reasonably and fairly compensate Burien Toyota for any injury you find was proximately caused by Mr. Butler and/or Larson Toyota.** Plaintiff may recover actual damages in the form of past and future lost profits as well as related expenses and may recover restitution for unjust enrichment, but the law does not permit the plaintiff to recover twice for the same damages. Thus, you may include as damages both plaintiff's lost profits as actual damages and defendants' gain as unjust enrichment only if and to the extent that they do not overlap in any way.[11]

Burien Toyota specifically objected to the inclusion of the phrase "damages from sales" rather than "sales" in Instruction 8, claiming that it improperly shifted the burden of proof from the defendants back to Burien Toyota. Burien Toyota also objected to Instruction 18 on the same basis.

Despite the trial court's efforts to apply Petters and the *Restatement*, inclusion of the language "damages from sales" rather than just "sales" in Instruction 8 was an incorrect statement of the law. Petters holds that the plaintiff's initial burden is to prove

---

[10] Clerk's Papers at 555 (emphasis added).

[11] Id. at 565 (emphasis added).

only "sales," not "damages from sales," before the burden shifts to the defendant. Instruction 18 compounds the impact of the misstatement in Instruction 8 by expressly stating that Burien Toyota has the burden to prove "damages" defined as something more than just sales.[12] Therefore, insertion of the word "damages" into Instruction 8 misstates the law by requiring Burien Toyota to prove something beyond sales. The instruction was not merely misleading. Because the error was a misstatement of the law, prejudice is presumed.

Butler's arguments to the contrary are not persuasive. First, he contends that the jury instructions at issue here should be reviewed for an abuse of discretion. While the precise wording of an instruction is within the trial court's discretion, a claimed error of law in a jury instruction is reviewed de novo.[13]

Second, Butler argues that insertion of the language "damages from" may be unartful, but when the instructions are considered as a whole, they adequately track both Petters and Washington Pattern Instruction (WPI) 351.01.[14] But the deviation from

---

[12] The concluding sentences of the second paragraph of Instruction 18 address the concept that a plaintiff can recover both actual damages (lost profits and related expenses) as well as restitution for unjust enrichment (defendants' gains) so long as the actual damages and restitution do not overlap. But that does not resolve the dilemma resulting from defining the plaintiff's initial burden of proof for unjust enrichment in terms of "damages from sales" in Instruction 8, especially as impacted by Instruction 18's broad definition of the plaintiff's burden of proof for damages.

[13] Housel v. James, 141 Wn. App. 748, 758, 172 P.3d 712 (2007).

[14] The WPI suggests the following instruction:

On the claim of misappropriated trade secrets, (name of plaintiff) has the burden of proving each of the following propositions:

(1) That (name of plaintiff) had a trade secret;

(2) That (name of defendant) misappropriated (name of plaintiff's) trade secret; and

Petters and the WPI alters the fundamental meaning of the initial burden of proof of the plaintiff.

Third, Butler contends that the burden to prove sales is the same as the burden to prove damages from sales. This is not accurate, especially in view of the definition of damages included the Instruction 18.

Fourth, Butler argues that Petters can be read to hold that the burden to prove unjust enrichment is the same as the burden to prove an "actual loss," i.e., damages. But this ignores the core holding of Petters, which expressly adopts comment f of the Restatement. The plaintiff's initial burden in proving unjust enrichment for trade secret misappropriation is to prove only "sales." The burden to prove actual damages is different. Instruction 8 misstated the law.

Fifth, at oral argument, Butler asserted that the trial court inserted "damages from sales" rather than "sales" in order to incorporate Burien Toyota's burden to prove that

---

[(3) That (name of defendant's) misappropriation was a proximate cause of damages to (name of plaintiff)];

[(3) That, as a result of the misappropriation, (name of defendant) received money or benefits that in justice and fairness belong to (name of plaintiff)].

If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for (name of plaintiff) [on this claim]. On the other hand, if you find that any of these propositions has not been proved, your verdict should be for (name of defendant) [on this claim].

6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 351.01, at 449-50 (2012).

Under the "Unjust enrichment" heading in the comment on WPI 351.01, it states that "[u]nder this unjust enrichment alternative, the Court of Appeals has held that, once the plaintiff proves sales attributable to the use of a trade secret, the burden shifts to the defendant to establish 'any portion of the sales not attributable to the trade secret and any expenses to be deducted in determining net profits.'" Id. at 451-52 (quoting Petters, 151 Wn. App. at 165).

the misappropriation of a trade secret proximately caused the sales at issue. Nothing in the record reveals such an intent. And a "damages from sales" instruction remains inconsistent with the burden shift outlined in Petters and the Restatement. It is also inconsistent with the underlying policy of requiring the defendant to establish any portion of the sales not attributable to misappropriation of the trade secret because the defendant possesses such information.[15]

Finally, Butler argues that even if Instruction 8 is erroneous, any error is harmless because Burien Toyota failed to prove any sales.[16] Because the misstatement of law in Instruction 8 is presumed prejudicial, the harmless argument fails.

*Cross Appeal*

Butler's arguments on cross appeal are not compelling. First, Butler argues that the trial court erred in denying his motion for summary judgment on the trade secrets claim. But if a trial court denies summary judgment based on the presence of material, disputed facts, the summary judgment motion will not be reviewed on appeal after a trial on the merits.[17] Here, the trial court denied Butler's summary judgment motion because there were issues of fact as to whether there was a trade secret and whether it was misappropriated. Therefore, we do not review the summary judgment motion.

---

[15] See Petters, 151 Wn. App. at 165 (quoting RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 45 cmt. f., at 516-17 (1995)).

[16] Burien Toyota vigorously argues it presented credible evidence of Larson Toyota's sales by comparing lists of car sales provided by Larson Toyota to its own customer database. Butler challenges the evidence of sales relied upon by Burien Toyota. But in the absence of a more comprehensive record, Butler cannot support its argument that the evidence of sales was inadequate to go to the jury.

[17] Weiss v. Lonnquist, 173 Wn. App. 344, 354, 293 P.3d 1264, review denied, 178 Wn.2d 1025 (2013).

Second, Butler argues that the trial court erred in denying his motion for a directed verdict on the trade secrets claim. But Butler has not met his burden to provide a record of the evidence presented at trial.[18]

Third, Butler argues that the trial court abused its discretion in denying his motion in limine to exclude as irrelevant certain documents and employee handbook provisions he signed. Granting or denying a pretrial motion to exclude evidence is a matter within the trial court's discretion.[19] Butler contends there was inadequate consideration to make those documents binding and that the documents related only to federal privacy laws. But the trial court decided the jury should weigh testimony that the documents reflected Burien Toyota's efforts to protect its trade secrets as well as satisfy federal privacy laws. Butler contends that only designated federal agencies have the authority to enforce the federal privacy laws and that those laws do not allow Burien Toyota to rely on the documents at issue for a trade secrets claim. But he cites no persuasive authority that the documents could not serve such a dual purpose.[20]

Finally, Butler challenges the trial court's rejection of several of his proposed jury instructions. He argues that the trial court should have given his two proposed burden of proof instructions rather than combining both into Instruction 17. He contends that the combined instruction unduly emphasized his burden of proof by mentioning it in both paragraphs of the instruction, while only mentioning Burien Toyota's burden of proof in

---

[18] The belated offer at oral argument to supplement the record comes too late.

[19] Douglas v. Freeman, 117 Wn.2d 242, 255, 814 P.2d 1160 (1991).

[20] The only authority he cites for this proposition is an unpublished opinion from a United States District Court in Illinois.

the first paragraph.[21] But with only minor differences, Butler's two proposed instructions mirror the language of Instruction 17. Because the precise wording of a jury instruction is within the broad discretion of the trial court, Butler does not establish any basis for relief.[22]

Butler also argues that the trial court erred in failing to give his proposed instruction that Burien Toyota had no right to privately enforce federal customer privacy laws, a theory he contends is supported by the evidence presented at trial. But he has not provided an adequate record of the evidence that was presented at trial and does not establish that Burien Toyota ever asserted any right to privately enforce federal privacy laws. Butler fails to demonstrate any basis for relief based upon the jury instructions.

---

[21] Instruction 17 stated:

> Except for defendants' equitable estoppel and "unclean hands" affirmative defenses, when it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a preponderance of the evidence, or the expression "if you find" is used, it means that you must be persuaded, considering all the evidence in the case bearing on the question that the proposition on which that party has the burden of proof is more probably true than not true.

> The defendants have the burden of proving their equitable estoppel and "unclean hands" affirmative defenses by a different standard of proof, by clear, cogent and convincing evidence. Proof by clear, cogent and convincing evidence means that the element must be proved by evidence the carriers [sic] greater weight and is more convincing than a preponderance of evidence. Clear, cogent and convincing evidence exists when occurrence of the element has been shown by the evidence to be highly probable. However, it does not mean that the element must be proved by evidence that is convincing beyond a reasonable doubt.

Clerk's Papers at 564.

[22] Housel, 141 Wn. App. at 758.

*Attorney Fees on Appeal*

Both Burien Toyota and Butler request attorney fees and costs on appeal. Butler did not prevail on appeal, and we deny his request. Whether Burien Toyota is entitled to fees depends on whether Butler's misappropriation of the trade secret was wilful and malicious.[23] The jury did not reach that question on the special verdict form.

On remand, if the jury finds that Butler's misappropriation of the trade secret was wilful and malicious, then the trial court may address Burien Toyota's request for attorney fees and costs, including any fees incurred on this appeal.

## CONCLUSION

We reverse and remand for a trial on the issue of damages and unjust enrichment resulting from Butler's misappropriation of Burien Toyota's trade secret. If the jury determines that Butler's misappropriation was wilful and malicious, then the trial court may consider an award of attorney fees both for proceedings in the trial court and in this appeal.

WE CONCUR:

---

[23] RCW 19.108.040 provides that "[i]f a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or wilful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party."